UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

ADVANCE STEAM TECHNOLOGY
COMPANY LLC,

          Plaintiff,

          v.                                  Case No. 09-C-0070

MAXI-THERM, INC.,
RAYMOND LACH,

          Defendants.

---

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT VI OF THE
COMPLAINT AND DENYING MOTION TO DISMISS COUNTS I, II AND IV (DOC. #
53); GRANTING DEFENDANTS' UNOPPOSED MOTION TO FILE AN AMENDED
PLEADING (DOC. # 64), AND GRANTING PLAINTIFF'S MOTION TO WITHDRAW
APPEARANCE (DOC. # 69)

Advance Steam Technology Co. LLC ("AST"), filed this action against Maxi-Therm, Inc., and Raymond Lach (together referred to as "MTI"), alleging several causes of action: False Advertising under the Lanham Act (Count I); Unfair Trade Practices under Wisconsin law (Count II); Unfair Competition under Wisconsin law (Count III); Tortious Interference with Contract under Wisconsin law (Count IV); Defamation under Wisconsin law (Count V); and Slander of Title under Wisconsin law (Count VI). AST also filed motions for a temporary restraining order and preliminary injunction. MTI responded to the motions, and filed its first Answer, Affirmative Defenses, and Counterclaims. Subsequently it filed a Motion to Dismiss the Complaint, which is currently pending.[1]

At the outset, it is noted that MTI filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) after answering the complaint. This is inconsistent

---

[1] The tortured pleading history in this case is extensive and will not be repeated in depth.

with the Federal Rules of Civil Procedure—a motion made under Rule 12(b) "must be made *before pleading* if a responsive pleading is allowed." (emphasis added). MTI may be correct that the pleadings were not *closed* when the motion was filed inasmuch as a response to the counterclaim was anticipated, (see Defs.' Reply Br. 3), but this does not change the language of Rule 12(b). Further complicating matters is that the bulk of MTI's 12(b)(6) motion attacks the complaint for failing to meet basic pleading requirements—an odd contention especially when an answer to that complaint has already been filed.

In any event, a party may assert that the complaint fails to state a claim upon which relief may be granted before a responsive pleading is filed, pursuant to Rule 12(b)(6), or after, pursuant to Rule 12(h)(2). The standard is the same. *See Forseth v. Village of Sussex,* 199 F.3d 363, 368 n.6 (7th Cir. 2000); *Republic Steel Corp. v. Penn. Eng'g Corp.*, 785 F.2d 174, 182 (7th Cir. 1986); *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998); 2 *Moore's Fed. Practice* § 12.38 (2009).

The first ground for dismissal cited by MTI is that this court lacks subject matter jurisdiction. In the complaint, AST asserts subject matter jurisdiction under 28 U.S.C. § 1331 based on its Lanham Act claim (with supplemental jurisdiction over the state law claims, 28 U.S.C. § 1367), and jurisdiction under 28 U.S.C. § 1332 based on diversity of the parties. (Compl. at 1.) MTI attacks on both fronts.

As for diversity, AST contends that "[t]here is complete diversity of citizenship between the plaintiff and all the defendants, and the amount in controversy exceeds $75,000." (*Id.*) It states that AST is a Wisconsin LLC owned by Walter Deacon, a "resident" of Indiana; Tim Parbs, a "resident" of Wisconsin; and Allen Greeler, a "resident" of Wisconsin. (*Id.* at 2.) Moreover, AST asserts that MTI is a company organized under

the laws of Quebec, with its principle place of business in Montreal. And, that defendant Lach "resides" in Montreal. (*Id.*)

"[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Hunter v. Amin*, 583 F.3d 486, 491 (7th Cir. 2009) (quoting *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)). Here, for pleading purposes, AST appears to have sufficiently alleged that MTI is a Canadian corporation (MTI has admitted as much in its answer). Further, it has asserted that complete diversity of "citizenship" exists. The problem arises in AST's reference to the "residence" of its owners—the citizenship of a limited liability company is the citizenship of each of its members, *Thomas v. Guardsmark*, LLC, 487 F.3d 531, 534 (7th Cir. 2007)—and the "residence" of Lach. Hence, the pleading is insufficient on this point. *See Guaranty Nat. Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996).

Should the actual citizenship of the defendants and the AST owners overlap, subject matter jurisdiction would be lacking, absent alternative grounds. And, it is troubling that AST's brief provides no assistance to the court in determining its citizenship. However, because there are alternative grounds for jurisdiction (addressed below), further discussion on this point is not necessary.

As for federal question jurisdiction, the matter turns on whether AST has stated a valid claim under the Lanham Act. MTI attacks that claim for failing "to plead sufficient facts." (Defs.' Br. in Supp. 7.)

In general, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). All facts alleged in the complaint are taken as true, with all reasonable inferences drawn in the plaintiff's favor. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). A motion to dismiss a

- 3 -
Case 2:09-cv-00070-CNC    Filed 12/08/09    Page 3 of 11    Document 70

complaint will be granted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun and Outdoor Shows, Inc.,* 163 F.3d at 452.

A "plaintiff has the obligation to provide the factual 'grounds' of his entitlement to relief (more than 'mere labels and conclusions'), and a 'formulaic recitation of a cause of action's elements will not do.'" *Bissessur v. Ind. Univ. Bd. of Trs.,* 581 F.3d 599, 602-03 (7th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face' and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 557); *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008). Courts are to "give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur*, 581 F.3d at 603 (quoting *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (discussing notice pleading standards and motions to dismiss in light of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)).

Importantly—and this goes for the entirety of MTI's motion—MTI is not asserting that AST has plead itself out of court or that circumstances exist such that, assuming all facts alleged in the complaint are true, AST cannot succeed on any claim. It is not even resting on any substantive defense. It submits that with regard to each of the Counts in the complaint, AST has failed to plead sufficient facts to state a cognizable legal claim. However, a quick review of the complaint undercuts MTI's arguments.

The complaint includes sections asserting jurisdiction, identifying the parties, describing the action, and setting forth the background that is common to all claims. Each

"Count" in the complaint traces the elements of the particular cause of action and supplies additional facts in support thereof. In sum, the complaint asserts MTI sent letters to "AST's customers, prospective customers, and others . . . throughout the United States" that included multiple "false statements of fact." The allegedly false statements are detailed in the complaint. Moreover, the complaint maintains that as a direct result of the letter, AST's projects at the University of Colorado and the Lincoln Center were cancelled, and other projects, including "the Wisconsin project," may be in jeopardy. Lastly, the complaint indicates that the letters have caused AST to suffer loss of good will and damage to its business reputation.

To establish a claim under the false or deceptive advertising prong of the Lanham Act, § 43(a), a plaintiff must prove: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products. *Hot Wax, Inc., v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999) (citing *B. Sanfield, Inc., v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971 (7th Cir. 1999)).

MTI asserts that AST's complaint "fails to plead sufficient facts" to satisfy the first and second elements of the Lanham Act. (Defs.' Br. in Supp. 6-7.) First, it maintains that the letter at issue does not qualify as a "commercial advertisement." Specifically, MTI contends that the letter is merely a "person-to-person" communication of the type found to be insufficient in *First Health Group Corp. v. BCE Emergis Corp.*, 269 F.3d 800, 803 (7th

Cir. 2001). Second, it submits that AST has alleged only that "it *may* have lost two projects due to the defendant's allegedly false and misleading statements" (Defs.' Br. in Supp. 6), which is insufficient to establish that the statement actually deceived or had the tendency to deceive a substantial segment of its audience.

While AST will eventually have to put forward evidence establishing that the letter qualifies as a "commercial advertisement" and "deceived or had the tendency to deceive a substantial segment of its audience," it has certainly done more than regurgitate mere legal conclusions. Apparently, MTI finds no issue with its conclusory assertions in support of its motion—for example, it argues that AST's letter to customers and others cannot be a "commercial advertisement" because it is "akin to a 'person-to-person' communication" and did not disseminate 'prefabricated promotional materials.'" (Defs.' Reply Br. 5.) In any event, MTI is on notice of AST's claim along with the grounds upon which it rests, *Erickson v. Pardus,* 551 U.S. 89, 93 (2007); Fed. R. Civ. P. 8. More is not necessary at this point in the proceedings. *Cf. Bissessur*, 581 F.3d 599 (discussing notice-pleading standard and dismissing claims for "fail[ure] to identify any facts that give the defendants adequate notice of the basis for these claims.").

MTI also asserts that Count II of the complaint—AST's claim for violations of Wis. Stats. § 100.18 relating to deceptive trade practices—is insufficiently plead. To prevail on a claim under § 100.18, a plaintiff must establish (1) that with the intent to induce an obligation, the defendant made a representation to "the public"; (2) that the representation was untrue, deceptive, or misleading; and (3) that the representation caused the plaintiff a pecuniary loss. *See K & S Tool & Die Corp. v. Perfection Machinery Sales, Inc.*, 2007 WI 70, ¶ 19, 301 Wis.2d 109, ¶ 19 732 N.W.2d 792, ¶19.

MTI attacks the claim because AST "failed to allege enough facts to show that a representation was made in Wisconsin to a member of the 'public,' who relied on the alleged false statement and that the false statement caused the plaintiff's pecuniary loss." (Defs.' Br. in Supp. at 9.) Specifically, MTI asserts that

> [T]he basis for this claim is ¶¶ 32, 33, and 38 and Exs. E, F, and H to the Complaint. . . . Plaintiff alleges that Exhibit E was sent to sales representatives and engineering firms. . . . Exhibit F was sent to the Plaintiff and Walter Deacon, one of the owners of the Plaintiff. . . . Exhibit H was sent to the Plaintiff and MV Controls, a distributor of Plaintiff. . . . Plaintiff asserts that these letters contained false statements. . . .
> Plaintiff fails to allege the offending letters were published in Wisconsin. Rather, Plaintiff alleges that Exhibit E was sent to various firms in Colorado and New York, thereby causing Plaintiff to lose those jobs in Colorado and New York. Exhibit H was sent to MV Controls, which is not located in Wisconsin. These publications do not satisfy the requirements of the statute.

(Defs.' Br. in Opp. 7-8.) However, MTI's assertions misstate the record and indicate a misunderstanding of the notice-pleading standard. In reality, the § 100.18 claim (like all others) incorporates the factual allegations set forth in the preceding paragraphs of the complaint. These include recital of the contents of the letters, to whom the letters were sent (including customers, potential customers, and unknown others), the purposes of the letters (including diversion of business from AST and potentially toward MTI), the direct loss of business by AST, and continuing damages to AST because of the letters. Not only does MTI's argument rest on a highly selective reading of the complaint, it provides no support for the conclusion that failure to affirmatively plead that the letters were "published in Wisconsin" renders the claim deficient under Rule 8. Assuming facts consistent with the allegations in the complaint could be established through discovery (even under circumstances that may make proof unlikely), AST's claim under Wis. Stat. § 100.18 is

sufficient under Rule 8. *See e.g., Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Financing Servs., Inc.*, 536 F.3d 663, 672 (7th Cir. 2008) ("By claiming that [the defendant] engaged in unfair conduct and averring facts that, if proven, make relief more than merely speculative, . . . the plaintiffs stated adequately a claim for relief.").

MTI's attack on AST's claim of tortious interference with contract (Count IV) is similarly weak. Here, MTI suggests that the complaint "fails to identify the 'prospective customers' with whom Plaintiff alleges it has/had a business relationship. Accordingly, Plaintiff's conclusory pleadings of a tortious interference claim are insufficient to state a claim for relief." (Defs.' Br. in Opp. 10-11.) But this misrepresents the complaint—indeed, paragraph 68 of the complaint (under the bold heading "TORTIOUS INTERFERENCE WITH CONTRACT") identifies several business entities (though the claim is not necessarily limited to entities listed in paragraph 68). MTI's fascination with AST's use of the ambiguous phrase "prospective business relationships" adds nothing to its argument.

Lastly, MTI challenges AST's Slander of Title Claim (Count VI) for failure to include sufficient facts. (Defs.' Br. in Opp. 11.) Although, while MTI's challenge cannot be sustained, it is not meritless. First, contrary to MTI's position, the complaint certainly includes factual allegations sufficient to place the defendants on notice of the claim in accordance with Rule 8. However, the question is whether the claim of slander of title is viable assuming the assertions in the complaint are true.

In Wisconsin, to succeed on a common law slander of title claim, the plaintiff

> must show a publication which: (1) results in an injurious falsehood or disparagement of property and includes matters derogatory to the plaintiff's title or business in general, calculated to prevent others from dealing with the plaintiff, or to interfere with his relations with others to his disadvantage; (2) has been communicated to a third person; (3) plays a

> material or substantial part in inducing others not to deal with
> the plaintiff, and (4) results in special damage.

*Kensington Dev.Corp. v. Israel*, 142 Wis. 2d 894, 902, 419 N.W.2d 241 (1988). In addition, Wis. Stats. § 706.13(1) codifies slander of title claims stating, in relevant part: "any person who submits for filing, docketing or recording, any lien, claim of lien . . . relating to the title in real . . . property, knowing the contents or any part of the contents to be false, sham or frivolous, is liable in tort to any person interested in the property whose title is thereby impaired."

Here, the focus is on the first element of the common law claim, to which AST asserts, among other things, that the letters sent by MTI have been "derogatory to AST's business in general." However, MTI contends that this contention is insufficient because the tort applies to actions that affect "title," in reference to the right to own or possess property.

AST does not contest that Wis. Stats. § 706.13(1) refers to real or personal property, and it does not contend that MTI's actions impaired its property rights. Instead, it avers that a common law claim not associated with property remains an independent avenue for relief.

The Wisconsin Supreme Court has reiterated that the statutory provision codified the common law tort. *See Kensington Development Corp.*, 142 Wis. 2d at 902; *see also Tym v. Ludwig*, 196 Wis. 2d 375, 538 N.W.2d 600 (Ct. App. 1995). The Seventh Circuit has followed suit. *See Niedert v. Rieger*, 200 F.3d 522, 528 (7th Cir. 1999) ("Slander of title exists under Wisconsin law in both common law and statutory form, and its elements are largely the same under either: "A knowingly false, sham, or frivolous claim of lien or any other instrument relating to real or personal property filed, documented or

recorded which impairs title is actionable in damages.") (quoting *Kensington Dev. Corp.*, 142 Wis. 2d 894). AST's argument that no court has determined that the elements of the common law tort are "exactly the same" as the statutory claim (only "largely the same") does not speak to the nature of the tort. As noted by the Seventh Circuit, "[s]lander of title applies to actions which impair or affect *title*. . . . Title generally relates to the formal right of ownership and the right to possess property." *Id.* AST points to no authority suggesting that a slander of title claim could be successful given the facts alleged in the complaint. Its reliance on *Orlando Residence Ltd. v. GP Credit Co.*, 2007 WL 2903240 (E.D. Wis. Sept. 28, 2007), *aff. in part, rev'd in part*, 553 F.3d 550 (7th Cir. 2009), which recited the elements in the form suggested by AST, is of no assistance—especially when that case concerned property interests. With the above in mind, AST's Slander of Title Claim (Count VI) may not proceed.

Next, the court turns to MTI's motion for leave to file amended counterclaims and add to new parties as counterclaim defendants pursuant to Federal Rules of Civil Procedure 13(h) and 20(a)(2). In general, "[l]eave to amend a pleading is to be 'freely given when justice so requires.'" *Crest Hill Land Dev. LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005) (quoting Fed. R. Civ. P. 15(a)). Finally, AST has filed a motion requesting that one of its attorneys, Geoff Smith, be permitted to withdraw as counsel. Both motions are unopposed. Therefore,

IT IS ORDERED that the defendants' motion to dismiss the complaint (Doc. # 53) is granted as to AST's Slander of Title Claim and denied as to Counts I, II and IV.

IT FURTHER IS ORDERED that the defendants' unopposed motion to amend its pleading (Doc. # 64) is granted, and the amended pleading shall be filed instanter by the clerk.

IT IS FURTHER ORDERED that the plaintiff's unopposed "Motion to Withdraw Appearance" (Doc. # 69) is granted.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2009.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE